IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


United States of America,        :

      Plaintiff,              :

  v.                             :        Case No. 2:11-cr-22

Randy D. Dennison,               :        JUDGE GEORGE C. SMITH

      Defendant.              :


<u>ORDER</u>

The defendant, Randy D. Dennison, accompanied by counsel, appeared for a detention hearing on February 9, 2011.  After considering the information contained in the Pretrial Services report and the arguments of counsel, the Court ordered the defendant detained without bond pending further proceedings. This order explains why.

On February 3, 2011, the grand jury returned an indictment charging Mr. Dennison with two counts of having a weapon under a disability (he is a convicted felon) and one count of trafficking in oxycodone, a controlled substance.  The latter count carries with it a presumption that the defendant should be detained without bond, explained as follows.

<u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses, certain firearms offenses, and certain offenses involving minor victims.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it
> shall be presumed that no condition or
> combination of conditions will reasonably

> assure the appearance of the person
> as required and the safety of the
> community if the judicial officer
> finds that there is probable cause to
> believe that the person committed an
> offense for which a maximum term of
> imprisonment of ten years or more is
> prescribed in the Controlled Substances
> Act (2l U.S.C. 801 et seq)...[or] an
> offense under section 924(c)...of this
> title... or an offense involving a minor
> victim [under selected statutes]."

Under 18 U.S.C. §3142(f), if detention is based upon facts
supporting a finding that no condition or combination of
conditions will reasonably assure the safety of any other person
and the community, such facts must be proved by clear and
convincing evidence.  However, if detention is based upon a
finding that no condition or combination of conditions will
reasonably assure the appearance of the person as required, proof
by a preponderance of the evidence is sufficient.

     The proper effect to be given to this rebuttable
presumption is discussed in <u>United States v. Jessup</u>, 757
F.2d 378 (1st Cir. 1985).  There, the Court indicated that
the presumption shifts the burden of producing evidence to
the defendants, and also remains in the case even after the
defendants have satisfied their production burden.  Further, in a
narcotics case, because the history of the statute indicates that
Congress had in mind a specific set of circumstances relating to
drug offenses which led to the adoption of the rebuttable
presumption, it is appropriate for a Court addressing the
issue of detention to determine how closely the facts of the
case before the Court parallel those of the "Congressional
paradigm," or profile of those drug offenders who present the
most serious risk of flight or danger to the community.  That
paradigm, in brief, indicates a Congressional awareness of

the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statutes, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  United States v. Dominguez, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

No evidence was presented at the hearing.  However, a proffer was made indicating that there are several different residences available to Mr. Dennison should he be released, and that electronic monitoring could be established at any of those residences.  That information, and any favorable information in the Pretrial Services report (and there is not much of that), was not enough to persuade the Court that release was appropriate.

Aside from the drug trafficking charge and the accompanying

-3-

presumption of detention, the Court was also concerned about the fact that Mr. Dennison, who has several prior felony convictions, apparently possessed multiple firearms when the law prohibits that act.  Additionally, his response to supervision in the past has not been ideal, to say the least.  His record reflects that he had his probation revoked after a 1999 conviction arising out of an OMVI charge; that after a 2002 conviction for receiving stolen property, he was declared an absconder on two occasions; that the same thing occurred following a 2004 conviction arising out of an escape charge; that his probation was revoked following a 2003 misdemeanor conviction; that he has been charged with the crime of escape on three different occasions; and that on multiple occasions he failed to appear in court.  His record also reflects multiple drug-related charges and some charges for violent crimes such as domestic violence or assault.  His employment history is negligible (although, to be fair, he has had health problems over the past several years which have apparently prevented him from working).  Given all of these factors, the Court concluded that no conditions would either adequately safeguard the community or assure the defendant's appearance in Court were he to be released.  Consequently, he was detained.

The defendant is advised of his right to seek review of this order by a United States District Judge pursuant to 18 U.S.C. §3145(b).


/s/ Terence P. Kemp
United States Magistrate Judge

-4-